ELIZABETH A. BURNS *vs.* ELSA AMUSEMENT COMPANY.

HENRY BURNS *vs.* SAME.

APRIL 26, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. These actions of trespass on the case for negligence are here on exceptions to the rulings of the superior court sustaining demurrers to the declarations.

Plaintiff Elizabeth A. Burns' action is for personal injuries suffered by her as a result of the alleged negligence of the defendant. Her husband, Henry Burns, is suing for the loss of her services and for medical expenses incurred in treating her injuries. His action being thus dependent upon hers we shall hereinafter discuss the questions raised by defendant's demurrers as though only the wife's case was before us.

Plaintiff's declaration, except for the ad damnum clause, reads as follows:

"Elizabeth A. Burns, of Woonsocket, Rhode Island, complains of Elsa Amusement Company, a Rhode Island Corporation, duly summoned by the sheriff in an action of trespass on the case for negligence.

"For that, whereas, on or about the 19th day of February, 1946, the plaintiff was a patron of Elsa Amusement Company and had paid her admission thereto. Plaintiff alleges that there was a large crowd in attendance at said performance, and said plaintiff and others were forced to stand in the rear of the balcony while waiting for seats. Plaintiff alleges that she was at all times mentioned in the exercise of due care and caution for her own safety.

"That, it then and there, became and was the duty of the said defendant, its agents and servants to provide a sufficient number of attendants properly placed to supervise the patrons.

"Yet the said defendant, its agents and servants notwithstanding its duty as aforesaid failed to provide a sufficient number of attendants properly placed to supervise the patrons, and that the said plaintiff was proceeding down the balcony steps to procure a seat which had just been vacated, there was a rush of patrons to obtain the vacant seat, and the plaintiff was knocked down the steps of the balcony by said rush of patrons, without opportunity for the said plaintiff to avoid the same, by reason whereof and due to the negligence of the said defendant, its agents and servants the plaintiff sustained severe injuries to her right arm, and was otherwise bruised about the body and sustained a severe nervous shock, and has

been unable to earn income ordinarily by her, and has otherwise been injured and damnified."

Defendant's demurrer averred in substance that such declaration was defective in that it failed to state a cause of action in negligence; that defendant owed to plaintiff no duty as therein alleged; that it was not chargeable with the failure to anticipate acts which plaintiff had therein set forth; that it was not, in law, obligated to provide attendants to act as plaintiff alleged; that it was not, in law, chargeable with the duty to foresee and provide against such acts as therein alleged; and that her declaration failed to allege any actionable negligence on defendant's part and was otherwise vague, indefinite and uncertain.

Plaintiff contends that the superior court erred in sustaining such demurrer on any of those grounds and contends that her declaration states a good cause of action in definite and certain averments. For this position she relies upon the case of *Davidson* v. *Radio City Music Hall Corp.*, 288 N. Y. 553. In argument before us, she asserted that the cause of action set forth in her declaration was substantially similar to the one alleged in the *Davidson* case and that the trial court, the appellate division and the court of appeals of New York State each approved the plaintiff's complaint in that case. Subsequent to the hearing of the case at bar in this court plaintiff submitted a certified copy of that complaint, which we have ordered filed with the papers in this case.

A comparison of the allegations of the instant declaration with those in the New York case, which set out the locus of the accident, the nature and character of the duty of the defendant and the breach of such duty, readily discloses the dissimilarity of the two pleadings. Moreover it is obvious from such comparison that the plaintiff here not only has failed to set out averments necessary to bring her case within the purview of the *Davidson* case, but she has also failed to particularize the locus of her accident and to plead facts tending to impose liability upon the

defendant. The result is that her declaration is so vague and indefinite that on demurrer defendant was rightly excused from pleading thereto. It may well be that if plaintiff can bring her case within the scope of the complaint in the *Davidson* case by allegations of a similarly definite nature, a declaration of that kind will not be subject to demurrer. As it is, however, we are of the opinion that the superior court did not err in sustaining defendant's demurrer to the instant declaration.

The plaintiff's exception in each case is overruled, and each case is remitted to the superior court for further proceedings.

*Harry J. Smith, Irving I. Zimmerman,* for plaintiffs.

*Francis V. Reynolds,* for defendant.